UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT K. McMAHON, | : CIVIL ACTION NO. |
| Plaintiff, | : |
| v. | : |
| SUSAN BYSIEWICZ, in her official capacity as Secretary of the State for the State of Connecticut, | : |
| Defendant. | : OCTOBER 26, 2010 |

## COMPLAINT

1. This action seeks to prevent the Secretary of the State of Connecticut from violating the constitutionally-protected freedoms of speech and expression of Connecticut voters by regulating what they can wear when they enter polling places to cast their votes in the election to be held on November 2, 2010.

## THE PARTIES

2. Plaintiff Vincent K. McMahon ("Plaintiff") is a resident of Connecticut and a registered voter in this state. He is currently the Chairman and Chief Executive Officer of World Wrestling Entertainment, Inc. ("WWE"). He is the husband of the Republican candidate for the United States Senate in Connecticut, Linda McMahon.

3. Defendant Susan Bysiewicz ("Defendant") is a resident of Connecticut. She is currently the Secretary of the State of Connecticut. The Secretary of the State is the Commissioner of Elections in Connecticut. She is responsible for advising local election officials on the conduct of elections and for preparing regulations and instructions for elections. *See* Conn. Gen. Stat. §§ 9-3, 9-4.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all parties reside in this district and the events or omissions giving rise to the claims asserted occurred in this district.

## FACTUAL ALLEGATIONS

6. Connecticut General Statues § 9-236 governs the activities prohibited in and near polling places. It provides in relevant part:

> On the day of any primary, referendum or election, no person shall solicit in behalf of or in opposition to the candidacy of another or himself or in behalf of or in opposition to any question being submitted at the election or referendum, or loiter or peddle or offer any advertising matter, ballot or circular to another person within a radius of seventy-five feet of any outside entrance in use as an entry to any polling place or in any corridor, passageway or other approach leading from any such outside entrance to such polling place or in any room opening upon any such corridor, passageway or approach, except as provided in section 9-294.

7. Defendant, acting in her official capacity as Secretary of the State, has issued a directive to local election officials that authorizes them to prohibit voters from wearing any WWE clothing, paraphernalia or merchandise within 75 feet of polling places or inside polling places on November 2, 2010.

8. Defendant's official spokesperson, Av Harris, has stated that "[i]f poll workers feel like the wearing of WWE paraphernalia is in any way interfering with the [voting] process, they can ask the individual to cover it up and leave and come back."

9. Defendant's stated purpose for this directive is that WWE clothing, paraphernalia, or merchandise could be associated with Linda McMahon, the Republican candidate for United States Senate in Connecticut.

-2-

10. Defendant's official spokesperson has stated that "[e]ven though [WWE paraphernalia, clothing, or merchandise] doesn't say her name directly, the brand is so ubiquitously associated with the McMahons."

11. Defendant's official spokesperson also has stated that WWE paraphernalia, clothing or merchandise could present a problem if worn by "[f]orty people walking in when the Connecticut candidate for Senate is associated with the company and her husband is CEO – it's a celebrity type of CEO, it's not just a run of the mill CEO of a company. This is a well known ubiquitous company."

12. Linda McMahon is not presently an officer, director or employee of the WWE.

13. The WWE clothing, paraphernalia or merchandise that the directive seeks to prohibit makes no reference to the campaign or the election and does not advocate for or against any candidate.

14. Defendant has not issued a similar directive that would prohibit voters from wearing attire or clothing that could be associated with Linda McMahon's opponent, Democratic candidate Richard Blumenthal, or any other candidate in the general election.

15. According to Defendant's directive, poll workers will have the discretion to decide whether voters must remove or conceal WWE clothing, paraphernalia or merchandise before they can vote.

16. Defendant's official spokesperson stated that poll workers must "evaluate every case on an individual basis" and that "they may ask [voters] to cover up a shirt, go back to the car [to] take it off, [and] come back with a jacket on top."

17. In order to protest Defendant's directive, Plaintiff intends to wear WWE clothing, paraphernalia or merchandise when he enters the polling place to cast his vote.

18.     The Secretary of State's directive threatens to violate Plaintiff's right to vote and his rights of free speech and expression.

19.     The Secretary of State's directive also will threaten the constitutional rights and liberties of voters who have expressed a desire wear WWE clothing, paraphernalia or merchandise to their polling places in protest of the Secretary of State's directive, regardless of their party affiliation or the candidate for whom they intend to vote.

### VIOLATIONS OF CIVIL RIGHTS ACT, 42 U.S.C. § 1983

20.     Plaintiff incorporates Paragraphs 1-19 above as if fully set forth herein.

21.     Defendant's conduct is depriving Plaintiff of the rights and privileges secured to him by the Constitution and the laws of the United States in the following ways:

   A.   Defendant's application of the election laws violates the First Amendment because it imposes a content-based restriction on Plaintiff's speech and expression in a public forum that is not narrowly tailored to serve a compelling government interest.

   B.   Defendant's application of the election laws violates the Fifth and Fourteenth Amendments because it deprives Plaintiff of freedom of expression and threatens to deny him the right to vote without due process of law.

   C.   Defendant's application of the election laws violates the Fifth and Fourteenth Amendments because it authorizes restrictions on Plaintiff's constitutional freedoms based on the standardless exercise of discretion of local election officials.

   D.   Defendant's application of the election laws violates the Fourteenth Amendment because it sanctions arbitrary and discriminatory enforcement of such laws against Plaintiff in contravention of the equal protection clause.

22. Defendant acted under the color of state law when engaging in the conduct described herein.

## PRAYER FOR RELIEF

23. Plaintiff seeks the following relief in this action:

A. Preliminary and permanent injunctive relief prohibiting Defendant from applying the election laws to prohibit Plaintiff and other voters from wearing WWE clothing, paraphernalia or merchandise within 75 feet of polling places or inside polling places on November 2, 2010.

B. A declaration that Defendant's application of the election laws to prohibit Plaintiff and other voters from wearing WWE clothing, paraphernalia or merchandise within 75 feet of polling places or inside polling places violates their rights under the Constitution.

C. Reasonable costs and attorney's fees in accordance with 42 U.S.C. § 1983, and such other relief as the Court may deem fair and equitable.

PLAINTIFF, VINCENT K. McMAHON,

By: _____
Stanley A. Twardy, Jr. (ct 05096)
Richard P. Colbert (ct 08721)
Erick M. Sandler (ct 25029)
Jeffrey P. Mueller (ct 27870)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901-2047
(203) 977-7375 (telephone)
(203) 977-7301 (fax)
satwardy@daypitney.com
rpcolbert@daypitney.com
emsandler@daypitney.com
jpmueller@daypitney.com

Jerry S. McDevitt
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
(412) 355-8608 (telephone)
(412) 355-6501 (fax)
jerry.mcdevitt@klgates.com
(Visiting Admission Pending)

His Attorneys